UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ROLANDO GARCIA** | **CASE NO.  3:22-CV-03844** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MAXUM INDEMNITY CO** | **RETIRED MAG JDG JRS KAY** |

<u>**MEMORANDUM ORDER**</u>

Before the Court is "Plaintiff's Motion to Set Attorneys' Fees and Costs and Expenses" (Doc. 30) filed by counsel for Plaintiff, Rolando Garcia. Plaintiff indicates that a full settlement has been reached in this matter and requests that the Court issue an order determining the attorneys' fees, costs, and expenses.[1]

On August 24, 2022, MMA filed the instant lawsuit on behalf of Plaintiff to recover alleged unpaid damages caused by Hurricanes Laura and Delta. On March 4, 2023, this Court suspended MMA and its attorneys from practicing in the Western District of Louisiana. On April 6, 2023, Plaintiff retained the Laborde Earles Law Firm to provide legal services for her claims against Defendant.

On August 22, 2023, this Court issued an order providing that "MMA and related parties have no property interest/ownership in the proceeds of any cases pending in this Court."[2] Counsel for Plaintiff asserts that it believes that MMA intends to submit a claim for attorneys' fees, costs, and expenses in this matter as follows:

- Exact Building Consultants:     $2,500.00

---

[1] Counsel informs the Court that it served a copy of the Notice of Motion Setting on MMA.
[2] See Misc. Civil Action No. 3:23-0062, Doc. 37.

- J.A. Consulting: $2,000.00
- LAWD Filing Expenses: $402.00
- Service Expenses: $50.00
- Court Registry Expenses: $50.00

Counsel for Plaintiff informs the Court that MMA has not represented that it paid Exact Building Consultants ("Exact") the $2,500.00 invoice, but that Exact has agreed to reduce its invoice to $300.00. Plaintiff does not object to this invoice considering that it used the estimate prepared by Exact to prosecute the case and is willing to pay Exact directly rather than through MMA.

Plaintiff submits that MMA suggests that the $2,000.00 J.A. Consulting invoice has not been paid, however, J.A. Consulting has informed counsel for Plaintiff that it has been paid. Thus, Plaintiff request that it not be obligated to pay the $2,000.00 J.A. Consulting invoice. Plaintiff does not object to the $402.00 filing fee or the $50.00 service expense incurred by MMA but does object to the $50.00 expense associated with the Court's review of MMA's stayed cases after MMA was suspended from practicing in the district. Counsel further informs that Court that it has incurred $142.46 in expenses in prosecuting this case. After considering all,

**IT IS ORDERED** that the Motion to Set Attorney Fees and Costs is **GRANTED.**

**IT IS FURTHER ORDERED** that the settlement check in this matter not include the law firm of McClenny, Moseley & Associates, LLC ("MMA") as payee.

**IT IS FURTHER ORDERED** that attorney fees are assessed as 33 1/3% to the Laborde Earles Law Firm and 0% to MMA.

**IT IS FURTHER ORDERED** that the filing fee of $402.00 and $50.00 service fee is assessed to MMA; the $300.00 Exact invoice to be paid to Exact and the $142.46 related expense is assessed to the Laborde Earles Law Firm.

**THUS DONE AND SIGNED** in Chambers this 21st day of February, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE